IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRUDENTIAL PROPERTY & CASUALTY INSURANCE CO., | : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | No. 06-506 |
| JOSEPH J. & JEANNE BOYLE, | : : | |
| Defendants. | : : | |

<u>MEMORANDUM</u>

**ROBERT F. KELLY, Sr. J.**                                                                       **AUGUST 29, 2007**

Plaintiff Prudential Property and Casualty Insurance Company ("Prudential") has filed a Declaratory Judgment action against Defendants Joseph and Jeanne Boyle ("the Boyles") seeking a determination that Prudential is not obligated to defend or indemnify the Boyles under their Prudential homeowners insurance policy.  Presently before this Court are Prudential's Motion for Summary Judgment and the Boyles' Motion for Partial Summary Judgment.  For the following reasons, Prudential's Motion is granted and the Boyles' Motion is denied.

**I.      BACKGROUND**

Joseph and Jeanne Boyle owned a residential property at 220 Kirkbrae Road, Kennett Square, Pennsylvania ("Property").  The house on the Property was built by Joseph Boyle himself.  The Boyles had the Property insured under a Prudential homeowners insurance policy.  In August 2003, the Boyles sold the Property to Johan and Pernilla Sigge.

Approximately a year later, the Sigges filed a lawsuit ("Underlying Action") in the Court of Common Pleas of Chester County, Pennsylvania against the Boyles and various other

defendants involved in the sale of the Property. The Sigges' Amended Complaint alleged the following five counts against the Boyles:

> Count I - Intentional Non-Disclosure of Material Defects;
>
> Count II - Negligent Failure to Disclose Material Defects;
>
> Count III - Violation of Real Estate Seller Disclosure Act;
>
> Count IV - Breach of Implied Warranty of Habitability and Fitness for Particular Purpose;
>
> Count V - Violation of Unfair Trade Practices and Consumer Protection Law.

The Boyles requested that Prudential assume its responsibility under their homeowners insurance policy to defend and indemnify them in this Underlying Action. Prudential, however, denied them coverage. On March 15, 2006, a jury trial commenced in the Underlying Action. Two days later, at the close of plaintiffs' case, a settlement was reached amongst all parties totaling $140,000. The Boyles' contribution to the settlement was $20,000.

Prior to this settlement, on February 2, 2006, Prudential filed a Complaint with this Court seeking declaratory relief to determine the rights of the parties pursuant to the Boyles' homeowners insurance policy. In response, the Boyles filed a counterclaim for Breach of Contract and Bad Faith pursuant to 42 Pa. Const. Stat. § 8371. On March 7, 2007, Prudential filed this present Motion for Summary Judgment on its Declaratory Judgment action claiming that it had no duty to defend or indemnify the Boyles in the Underlying Action. The Boyles filed their own Motion for Partial Summary Judgment claiming that Prudential had a duty to defend and indemnify them and they should be awarded $48,622.41 in attorney's fees and costs and $20,000 for indemnification.

**II.**     **SUMMARY JUDGMENT STANDARD**

"Summary judgment is appropriate when, after considering the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact remains in dispute and 'the moving party is entitled to judgment as a matter of law.'" Hines v. Consol. Rail Corp., 926 F.2d 262, 267 (3d Cir. 1991) (citations omitted). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party carries the initial burden of demonstrating the absence of any genuine issues of material fact. Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1362 (3d Cir. 1992). "A fact is material if it could affect the outcome of the suit after applying the substantive law. Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'" Compton v. Nat'l League of Prof'l Baseball Clubs, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998), aff'd, 172 F.3d 40 (3d Cir. 1998) (citations omitted). Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that demonstrates that there is a genuine issue of fact for trial. See Big Apple BMW, at 1362-63. Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

### III.  DISCUSSION

Under Pennsylvania law, the task of interpreting an insurance contract is a question of law to be resolved by this Court. PECO Energy Co. v. Boden, 64 F.3d 852, 855 (3d Cir. 1995).

The goal of this task is to ascertain the intent of the parties as manifested by the language of the written instrument. Gene & Harvey Builders, Inc. v. Penn. Mfrs. Ass'n. Ins. Co. 517 A.2d 910, 913 (Pa. 1986). "Whether a claim is within a policy's coverage or barred by an exclusion is a question of law that may be decided on a motion for summary judgment." Butterfield v. Giuntoli, 670 A.2d 646, 651 (Pa. Super. Ct. 1995). In ascertaining the parties' intent, this Court must consider the entire contractual provision at issue and not simply individual terms utilized in the insurance contract. 401 Fourth Street, Inc. v. Investors Ins. Group, 879 A.2d 166, 171 (Pa. 2005). Moreover, in determining whether coverage under the insurance contract exists, the reasonable expectations of the insured must be examined. Augenblick v. Nationwide Ins. Co., No. 99-3419, 1999 WL 975118, * 3 (E.D. Pa. Oct. 8, 1999).

This present case concerns whether Prudential had a duty to defend and to indemnify the Boyles under their homeowners insurance policy. An insurer's duties to defend and indemnify an insured in a civil action brought by a third party depend on whether the third party's complaint triggers coverage. Id. at * 2 (citing Gen. Accident Ins. Co. of Am. v. Allen, 692 A.2d 1089, 1095 (Pa. 1997)). In order to determine whether a claim in the complaint triggers coverage under the policy, this Court "must first ascertain the scope of the insurance coverage and then analyze the allegations in the complaint." Redevelopment Auth. of Cambria County v. Int'l Ins. Co., 685 A.2d 581, 589 (Pa. Super. Ct. 1996). The particular cause of action pled in the complaint, however, is not determinative of whether coverage has been triggered. Mut. Beneficial Ins. Co. v. Haver, 725 A.2d 743, 745 (Pa. 1999). Rather, this Court must look at the factual allegations contained within the complaint to determine if the policy applies and thus if the insurer owes a duty to defend. Id. "The duty to defend also carries with it a conditional obligation to indemnify

4

in the event the insured is held liable for a claim covered by the policy." Gen. Accident, 692 A.2d at 706. "Although the duty to defend is separate and broader than the duty to indemnify, both duties flow from a determination that the complaint triggers coverage." Id.

Both Prudential and the Boyles agree that Prudential's duty to defend does not arise out of any claims based on the alleged intentional or negligent misrepresentations made by the Boyles during the sale of the Property. These claims are contained in Counts I, II, III, and V of the Sigges' Amended Complaint. Under the Boyles' policy:

> If a claim is made or suit is brought against an insured for damages because of bodily injury, including personal injury, or property damage caused by an occurrence to which this coverage applies, [Prudential] will:
>
> (a) pay up to our limit for the damages for which the insured is legally liable; and
>
> (b) provide a defense at our expense by counsel of our choice even if the suit is groundless, false or fraudulent.

(Prudential's Mot. Summ. J., Ex. A, Homeowners Policy, at 21-22). An "occurrence" is defined under the policy as:

> a loss or accident including continuous or repeated exposures to substantially the same harmful conditions, even though separated in time or spatial distance, which results during the policy period, in:
>
>     a.    bodily injury; or
>     b.    property damage.
>
> Occurrence does not include negligent misrepresentations or omissions of any nature or kind in the sale of real or personal property.

(Id. at 5). Thus, Prudential does not have a duty to defend if the suit arises out of negligent misrepresentations made during the sale of the property. Furthermore, the policy excludes coverage for personal liability arising out of bodily injury or property damage which results

"from an act that is intended by any insured to cause harm." (Id. at 22).  Thus, Prudential does not have to provide coverage for lawsuits arising out of the insured's intentional acts, such as intentional misrepresentations.  Because of these provisions in the Boyles' policy, Prudential's duty to defend cannot be based on Counts I, II, III, or V as these claims are based on factual allegations of negligent or intentional misrepresentations.

The dispute between the parties arises then over whether Count IV, Breach of Implied Warrant of Habitability and Fitness of Purpose, triggers Prudential's duty to defend and indemnify.  Pennsylvania law applies an implied warranty of habitability to builder-vendors of houses.  Tyus v. Resta, 476 A.2d 427, 431 (Pa. Super. Ct. 1984).  "[T]he builder-vendor impliedly warrants that the home he built and is selling is constructed in a reasonably workmanlike manner and that it is fit for the purpose intended - habitation."  Elderkin v. Gaster, 288 A.2d 771, 777 (Pa. 1972).  "The warranty of habitability is implied by law into every contract for the sale of a new home."  Fetzer v. Vishneski, 582 A.2d 23, 25 (Pa. Super. Ct. 1990).  As Joseph Boyle was the builder-vendor of the home that he sold to the Sigges, he owed them this implied warranty.  Because of various alleged defects with the home, the Sigges claimed that Boyle breached the warranty because these defects made the home uninhabitable and incapable of resale.

The Sigges' claim for breach of the implied warranty of habitability arises out of the Boyles' sale of their Property.  The Boyles cannot reasonably expect Prudential to provide them a defense for claims arising out of the sale of their home.  "The purpose and intent of [a homeowner's] insurance policy is to protect the insured from liability for essentially accidental injury to the person or property of another rather than coverage from disputes between parties to

6

a contractual undertaking." Augenblick, 1999 WL 975118, *5 (citing Redevelopment Auth., 685 A.2d at 588). Pecuniary loss arising out of an insured's breach of an implied contractual obligation is not a loss, accident, or occurrence that was intended to trigger coverage.

The Boyles argue that the breach is a "loss" under the policy by focusing on the property damage to the home caused by their alleged breach. Even if the main focus of this claim was the property damage, the Boyles' policy specifically excludes a duty to defend for personal liability arising from "property damage to property owned by the insured." (Prudential's Mot. Summ. J., Ex. A, Homeowners Policy, at 24). All of the property damage alleged by the Sigges is to the insured's home. Because the breach of implied warranty of habitability claim against the Boyles concerns property damage to their own home, this claim is excluded from coverage.

Furthermore, the Boyles could never have received coverage under their policy if, while they were still owners of the Property, they placed a claim with Prudential for this property damage. An insured would not be able to get coverage for property damage to his home that was caused by the insured's own poor workmanship and construction abilities in building that home. The Boyles' policy specifically excludes them from coverage for loss to the Property caused directly or indirectly by faulty, inadequate, or defective:

> (1) planning, zoning, development, surveying, siting;
> (2) design, specification, workmanship, repair construction, renovation, remodeling, grading, compaction;
> (3) materials used in repair, construction, renovation or remodeling; or
> (4) maintenance;
> of part or all of any property whether on or off the residence premises.

(Id., at 16-17). This is further evidence that the Boyles' policy was never intended to cover the type of property damage arising out of a breach of the implied warranty of habitability.

Prudential had no duty to defend as to Count IV and thus, had no duty to defend the Boyles in the Underlying Action.  It follows that as there is no duty to defend the Boyles, there is no duty to indemnify them either.  See Pac. Indemnity Co. v. Linn, 590 F. Supp. 643, 651 (E.D. Pa. 1984) (stating duty to defend carries with it conditional obligation to indemnify).  Therefore, this Court declares that the Boyles are not entitled to any coverage, defense, or indemnification under their Prudential homeowners insurance policy with respect to any claims against them in the Underlying Action.

Lastly, the Boyles' counterclaims for breach of contract and bad faith under § 8371 fail to survive summary judgment.  The breach of contract claim fails because, as explained above, Prudential had no contractual duty to defend or indemnify the Boyles.  The bad faith claim also fails because there is no duty to defend.  "[B]ad faith claims cannot survive a determination that there was no duty to defend, because the court's determination that there was no potential coverage means that the insurer had good cause to refuse to defend."  Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 751 n.9 (3d. Cir. 1999).  "It follows that an insurer with no duty to defend or indemnify its insured could not have acted in bad faith in violation of § 8371."  Pizzini v. Am. Int'l Specialty Lines Ins. Co., 249 F. Supp. 2d 569, 570 (E.D. Pa. 2003).

For these reasons, Prudential's Motion for Summary Judgment is granted and the Boyles' Motion for Partial Summary Judgment is denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRUDENTIAL PROPERTY & CASUALTY INSURANCE CO., | : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | No. 06-506 |
| JOSEPH J. & JEANNE BOYLE, | : : | |
| Defendants. | : : | |

**O R D E R**

**AND NOW** this 29th day of August, 2007, upon consideration of the Plaintiff's Motion for Summary Judgment, Defendants' Motion for Partial Summary Judgment, and the Responses and Replies thereto, it is hereby **ORDERED** that the Plaintiff's Motion (Doc. No. 39) is **GRANTED**, and Defendants' Motion (Doc. No. 49) is **DENIED**.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY,          Sr. J.